Lucie Clay Sherwood **HELLER,** Committee for Agnes Clay Sherwood, Appellants,

v.

Charles Daniel **CHAPMAN** and Joann Chapman, his wife, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 13, 1970.

Rehearing Denied May 8, 1970.

George M. Combs, Lexington, for appellants.

Nelson Hoskins, John W. Core, R. Bruce Lankford, Robin Griffin, Miller, Griffin & Marks, Lexington, for appellees.

PALMORE, Judge.

This suit was brought in behalf of Agnes Clay Sherwood, adopted child of the late Lucy (or Lucie) Chenault Clay, to establish her title to certain property as a remainderman under the will of Anderson Chenault. The appeal is from a judgment that she is not so entitled.

The will was admitted to probate in 1884. The testator, a resident and landowner of Montgomery County, Kentucky, left a substantial estate to his widow, three sons and four daughters, one of whom was Lucy Chenault Clay. We summarize its provisions as follows:

The first three numbered clauses provided for the testator's widow and a married daughter. Clause 4, the first provision in which a remainder interest is created, leaves a tract of land to the testator's son William O. Chenault for life with re-

mainder in fee to his "children and descendants," subject to a life interest equivalent to dower in Williams O's widow. Clause 4 concludes with this sentence:

"The children of my said son, William O. are to hold said land equally and jointly, and if any shall die, and leave descendants, the descendants of those dead are to take and have the share or shares their parent or parents would have taken if alive, and when I say children I mean both his child now in being and those that may hereafter be *begotten by and born unto him.*" (Emphasis added.)

Clause 5 leaves a tract of land to the testator's two sons Waller Chenault and Anderson Chenault, Jr.

Clause 6 leaves a tract of land to the testator's three unmarried daughters, Mollie, Maggie and Lucy, "for life, and at their death in fee simple and in remainder to their *children and descendants,* the descendants of any of their children that may die to take the share their parent or parents would take if alive." (Emphasis added.)

Clause 7 provides for the eventual sale of certain property left to the testator's widow for life and for distribution of the proceeds among the children. Clause 8 designates the widow as guardian for the three unmarried daughters. Clause 9 gives a power of sale to the executors (who are thereafter named in the 19th and last clause of the will). Clause 10 provides as follows:

"If at the time of the death of any of my children they or any of them shall leave no child, children or descendants of theirs then alive, then the land, and also any personal property I have devised them, which they have not then received, is to revert back to my estate," etc.

Clause 11 disposes of the residue of the personal property not specifically be-

queathed. Clause 12 relates to the land devised in clause 5 to Waller and Anderson Chenault, Jr. Clauses 13 to 17, inclusive, express and make provision for carrying out the testator's desire and purpose to achieve equality among the children in the division of his estate among them. Clauses 18 and 19 relate to the executors.

■ Lucy Chenault Clay adopted Agnes as an infant in 1913. She had no other children, and died in 1954. Though it is the law under Edmands v. Tice, Ky., 324 S.W.2d 491 (1959), as modified in Wilson v. Johnson, Ky., 389 S.W.2d 634 (1965), that a child adopted during his or her infancy is a "child" for all purposes under a will unless it specifically evinces an intention to the contrary, the trial court was of the opinion that this particular will did evince a contrary intent when it defined the word "children" in clause 4, as quoted above.

■ We are inclined to agree with the appellant that probably the testator's only purpose in defining "children" in clause 4 was to make sure it included those who might be born thereafter to William O. Chenault as well as his child already in being. Nevertheless, it also provides a fortuitous glimpse into the testator's mind. It tells us what his idea of "children" was. What he would have said had the thought of adopted grandchildren actually occurred to him is a subject concerning which we think it is better not to speculate; the safer policy is to deduce his intentions from what he did say, and leave it at that. It does not matter why he took the occasion to say what he meant by "children." The important thing is that he did it, and we are of the opinion that the late and distinguished chancellor of the Fayette Circuit Court decided the case correctly.

The judgment is affirmed.

All concur.