Ruth SMITH, Ada Prather and Faye Baird, Appellants,

v.

Trilma RIHERD, Appellee.

Court of Appeals of Kentucky.

March 28, 1980.

Discretionary Review Denied
Sept. 16, 1980.

Rodney Buttermore, Jr., Forester & Forester, Harlan, for appellants.

Gerald L. Greene, Helton & Greene, Pineville, for appellee.

Before GUDGEL, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This action arose out of a dispute which occurred during a probate proceeding in the Harlan County Court before the adoption of the judicial article which eliminated the county courts. The litigants on both sides are daughters of the testatrix, Arizona Middleton. The appellants, defendants below, contested the validity of a will offered for probate by the appellee. The matter was tried by deposition before a Special Judge who determined that the testatrix lacked testamentary capacity. The Judge, therefore, directed the estate be divided equally among the parties. On January 2, 1978, the District Court System became operative. The appellee filed an appeal in the Harlan Circuit Court where, again, a Special Judge was appointed to decide the case. Upon a de novo review of the evidence, the Circuit Judge made the finding that the testatrix did have testamentary capacity, thus upholding the validity of the will. The appellants moved the court to alter, amend, or vacate the Judgment upon the grounds that the Circuit Judge had incorrectly decided the case based upon a de novo reading of the evidence. This motion was denied on June 15, 1979.

The issue in this appeal is simply whether the Circuit Court erred in deciding the appeal by a trial de novo. The Circuit Judge, in denying the appellants' motion to alter, amend or vacate the judgment, rested its decision on K.R.S. 24A.120(1)(b) and K.R.S. 394.240(1). These two statutes grant the Circuit Court original jurisdiction in contested probate matters. K.R.S. 24A.120(1)(b) states in part: "Such adversary proceeding shall be filed in circuit court in accordance with the Kentucky Rules of Civil Procedure and *shall not be considered an appeal.*" (Emphasis added). K.R.S. 394.240(1) states in part: "Any person aggrieved by the action of the district court in admitting a will to record or rejecting it may bring an *original action* in the circuit court of the same county to contest the action of the district court." (Emphasis added). Reading the two statutes together, the Circuit Judge concluded the de novo review of the action was appropriate.

The appellants would concede if the requirements in the aforementioned statutes were met, the treatment by the Circuit Court would have been appropriate. Nonetheless, the appellants assert the case in Circuit Court was styled and practiced as an appeal and not as an original action. Further, the notice requirements of K.R.S. 394.240(2) in particular were not met. As this

was in its practice and its pleadings an appeal, the appellants contend the de novo handling of the case by the trial court was violative of § 115 of the Kentucky Constitution which provides that appeals shall be upon the record and not by trial de novo.

The appellants and the appellee attach significance to the fact that no new evidence was heard by the Circuit Court. This does not make the re-reading of the evidence any less a de novo review. The distinction between an appeal and a de novo review does not rest upon the introduction of new evidence. Under a trial de novo, the court is unrestricted in its examination of the evidence. Contrasting, in an appeal, the reviewing court is bound by the principles of CR 52.01 wherein it is stated that the findings of fact made by the trial court shall not be set aside unless clearly erroneous. It is this restriction which differentiates the two methods of handling the action.

We find the reasoning of the Court in *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970), to be dispositive, although the case was decided prior to the creation of the new judicial system:

> The exclusive mode of securing a de novo trial in the circuit court in a will contest action is by appeal from the judgment of the county court [district court] that either admits the document to record or rejects it. On such appeal procedural matters are treated with great liberality. *Id.* at 630.

The Circuit Court is a trial court of general jurisdiction. § 109 Kentucky Constitution. The Special Judge for the Harlan Circuit Court therefore had jurisdiction to hear the case as an original action. In addition, we note that Section 3 of Part 1 of the Administrative Procedures of the Court of Justice authorizes the de novo review of cases transferred from expired courts during the transition to the district court system. Thus, although the appellee failed to comply with certain procedural matters involving that jurisdiction, these errors are not in this instance crucial.

For the foregoing reasons, the judgment of the Harlan Circuit Court is affirmed.

All concur.