**Peggy FISCHER, Individually and as Co-Administratrix of the Estate of William B. (Billy) Thompson, Appellant,**

v.

**Billy JEFFRIES, Individually and as Co-Administrator of the Estate of William B. (Billy) Thompson and Terry Jeffries, Appellees.**

Court of Appeals of Kentucky.

Aug. 16, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Oct. 23, 1985.

Herbert B. Sparks, Edmonton, for appellant.

Barry D. Gilley, John P. Blevins, Edmonton, for appellees.

Before CLAYTON, McDONALD and DUNN, JJ.

DUNN, Judge.

This is an appeal from an order of the Metcalfe Circuit Court granting appellees' motion for summary judgment and dismissing appellant's action for admission of a will to probate filed pursuant to KRS 394.-240. Appellant contends that the trial court erred in determining that the concepts of res judicata and of election of remedies barred her claim by virtue of earlier probate proceedings before the Metcalfe District Court. We agree with appellant and reverse and remand.

Summary judgment is proper only where the trial court, drawing all factual inferences in favor of the non-moving party, can conclude that there are no issues as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56.03; *Conley v. Hall,* Ky., 395 S.W.2d 575 (1965). In this appeal, the trial court properly concluded that there is no dispute as to any material fact. It was incorrect, however, in its determination that the earlier proceedings in Metcalfe District Court acted as a bar to appellant's original action filed under KRS 394.240.

Regarding probate matters a district court has jurisdiction over only uncontested proceedings. KRS 24A.120(1)(b). Appellees opposed appellant's attempt under that statute to admit their father's will to probate in Metcalfe District Court. Consequently, that court was divested of jurisdiction which lodged in the Metcalfe Circuit Court for a trial de novo as to the various issues raised by the parties including the validity of the will. KRS 24A.120(1)(b); KRS 394.240(1). *See also, Smith v. Riherd,* Ky.App., 603 S.W.2d 494 (1980).

It follows, therefore, that the findings of the district court on the will's validity and any other associated issues are void, as is any subsequent review of that decision by the Metcalfe Circuit Court. Consequently, appellant was not estopped from later filing this action under KRS 394.240 by either the principles of election of remedies or of res judicata. The first of those concepts requires the existence of two viable, yet inconsistent, modes of redress. *Peabody Coal Company v. Burks,* Ky.App., 568 S.W.2d 50 (1978). The other requires the existence of a valid prior judgment. 46 Am Jur 2d *Judgments* § 380 (1969). Neither of those elements is present in this appeal.

The order of the Metcalfe Circuit Court dismissing appellant's complaint is REVERSED and REMANDED for further proceedings pursuant to KRS 394.240.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.