Elwood **MULLINS** and Jo Ann
Mullins, Appellants,

v.

**FIRST AMERICAN BANK;** King's
Daughters' and Sons' Home for Aged
Men and Women; Boyd County Boys'
Farm (Hack Estep Boys' Farm); Calva-
ry Episcopal Church; The Gertrude Ra-
mey Children's Home; and The Boyd
County Humane Society, Appellees.

No. 88–CA–2733–S.

Court of Appeals of Kentucky.

Dec. 1, 1989.

Michael C. Wilson, Russell, for appel-
lants.

Ernest M. Pitt, Jr., Holbrook, Vigor &
Pitt, P.S.C., Ralph T. McDermott, Ashland,
Sam F. Kibbey, Catlettsburg, David O.
Welch, Welch & Purdom, Roger W. Hall,
George C. Howell, Adkins, Hall & Howell,
Ashland, for appellees.

Before HAYES, LESTER and
McDONALD, JJ.

McDONALD, Judge:

This case started out as a typical probate
matter in the Boyd District Court. In De-
cember, 1987, the appellee, First American
Bank of Ashland, Kentucky, petitioned the
court to admit to probate the will and codi-
cil of the recently deceased Helen Hodge
and asked to be appointed executor of her
estate. The will was executed in 1974, the
codicil in 1975. An order was entered De-
cember 23, 1987, admitting the instruments
to probate and appointing First American
Bank as executor with a bond of $400,000.

Although the executor was aware of the
existence of a second codicil to the will, it
did not attempt to admit it to probate until
January, 1988. At the hearing on the exec-
utor's motion to admit the codicil, certain
residuary beneficiaries under the original

will objected to the codicil's admission to probate.[1] At that point the district court, instead of admitting or rejecting the codicil, declared it no longer had subject matter jurisdiction to decide the issue and ordered that the case be transferred to the docket of the Boyd Circuit Court. In its order the district court cited *Fischer v. Jeffries*, Ky. App., 697 S.W.2d 159 (1985), for the proposition that it could no longer act in the matter.

The proponents of the second codicil fared no better in the circuit court. It likewise determined it lacked subject matter jurisdiction to rule on the validity of the codicil, and dismissed the entire action. In the order appealed from, the court, highly critical of *Fischer v. Jeffries*,[2] reasoned that it could obtain jurisdiction only by the filing of a complaint and not by transfer from the district court. In this appeal the appellants argue that the circuit court should have reached the merits of the issue of the codicil's validity.

The statutes pertinent to the issues in this appeal are KRS 24A.120(2) and (3), and KRS 394.240, which provide as follows:

24A.120. Civil and probate jurisdiction.—District court shall have exclusive jurisdiction in:

. . . .

(2) Matters involving probate, except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in circuit court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal; and

(3) Matters not provided for by statute to be commenced in circuit court shall be deemed to be non-adversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the district court.

394.240 Actions in circuit court— Time in which to be brought—Filing notice of proceeding.—(1) Any person ag-grieved by the action of the district court in admitting a will to record or rejecting it may bring an original action in the circuit court of the same county to contest the action of the district court. Such action shall be brought within two (2) years after the decision of the district court. The parties may, in the same action, or in a separate action if the validity of the will is not in issue, seek construction, interpretation or reformation of a will.

The circuit court's determination that it was not competent to decide the case is entirely consistent with the statutory scheme set forth above. Our district courts are vested with "exclusive jurisdiction" over probate matters, KRS 24A.120(2), except for adversary proceedings, or those proceedings "provided for by statute to be commenced in circuit court." KRS 24A.120(3). There is no statute providing for an action to determine the validity of a will to be commenced in the circuit court.

■■■ KRS 394.240 provides for an action in circuit court by anyone "aggrieved by the action of the district court in admitting a will to record or rejecting it." Thus, it should be clear that the statutes, read together, require (1) that all proceedings for the admission to probate of a will or codicil be commenced in the district court; (2) that the district court must either admit or reject the instrument; and (3) that the district court retains jurisdiction over the matter until such time as a will contest, or adversary proceeding, is commenced in the circuit court. *See* 1 J. Merritt, *Probate Practice and Procedure* § 755 (2nd ed. 1984), and R. Noe, *Kentucky Probate Methods*, Cumulative Supplement § 1.26 (1989). It is equally apparent from these statutes that an "adversary proceeding" is not, as urged by some of the appellees, created by the mere opposition of a party

---

1. This codicil, executed in 1980, bequeathed the sum of $10,000 to appellants Elwood and Jo Ann Mullins, caretakers of the decedent, as well as all her household goods. It also left the Mullinses an additional $10,000 for the care of the decedent's three dogs and bird.

2. The court remarked, "[T]his Court is of the opinion that *Fischer vs. Jeffries* is either an incorrect statement of the law or loose language by the judge who wrote the opinion."

to the admission to probate of a will, and that such opposition does not therefore divest the district court of its jurisdiction or its duty to rule on the merits of the matter before it. Instead, the statute plainly provides for an original action in circuit court *after* the district court has rendered a decision to either admit or reject the will.

As Professor Merritt notes in his treatise, the concept of "adversary proceeding" is a "puzzle" to courts as well as practitioners. *Id.*, 1988 Supplement, p. 19. Some confusion is no doubt attributable to the *Fischer v. Jeffries*, case, *supra*, which contains the following language:

> Appellees opposed appellant's attempt under that statute [KRS 24A.120(1)(b)] to admit their father's will to probate in Metcalfe District Court. Consequently, that court was divested of jurisdiction which lodged in the Metcalfe Circuit Court for a trial de novo as to the various issues raised by the parties including the validity of the will.

*Id.*, 697 S.W.2d at 160.

The *Fischer* opinion is brief and does not detail all the procedural events in that contest. Presumably the Metcalfe District Court rejected the will offered for probate which prompted the filing of a will contest in circuit court and the concomitant divestiture of the district court's jurisdiction. The opinion does not say that the district court erred in rejecting the will or that it should have refused to make a ruling. The issue in *Fischer* does not concern jurisdiction but rather the preclusive effect, if any, to be afforded the district court's decision once a will contest has been filed. For these reasons the interpretation given the *Fischer* opinion by both the district and circuit courts herein is not warranted. Certainly *Fischer* does not suggest the procedure utilized by the district court of transferring the matter to circuit court on its own motion.

Our holding is simply that the district court's jurisdiction over probate matters continues until such time as a suit is filed in circuit court under a statute authorizing such a filing. Although we believe the circuit court was correct in its assessment of the jurisdictional issue, we nevertheless believe the court erred in dismissing the action. The court is directed on remand to transfer the case to the district court where a decision can and should be made on the codicil's validity. Thereafter an aggrieved party may, if desired, contest the codicil by following the procedure in KRS 394.240. If such an adversarial action is pursued in circuit court, the district court shall retain jurisdiction to entertain any motions or matters not related to the adversarial proceeding, and shall, at the conclusion of the circuit court action, proceed with the probate of the estate to its conclusion.

Accordingly, the judgment of the Boyd Circuit Court is affirmed with directions to transfer the case to the active docket of the Boyd District Court.

All concur.

