**Raul E. VEGA, Guardian of the Estate of Brian E. Vega, an Infant, Appellant,**

v.

**KOSAIR CHARITIES COMMITTEE, INC., d/b/a Kosair Crippled Children's Hospital, and the Estate of Frank Reed Metts, Appellees.**

**No. 91–CA–315–MR.**

Court of Appeals of Kentucky.

June 12, 1992.

Raul E. Vega, pro se.

Charles M. Pritchett, Brown, Todd & Heyburn, Louisville, for Kosair Charities Committee, Inc.

Robert W. Griffith, Michael D. Risley, Stites & Harbison, Louisville, for the Estate of Frank Reed Metts.

Before GUDGEL, HOWERTON and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from judgments dismissing the appellant's complaint which sought possession of shares of stock and damages. The appellant, Raul Vega, as guardian of the estate of his son Brian Vega, commenced this litigation by filing a complaint in which he alleged that Brian was the

issue of the body of Julianne Schmutz Vega. Julianne Schmutz Vega married the appellant in April 1981 and adopted Brian, then five years old, five months later. Julianne died in January 1984. Julianne's father, Julius Schmutz, who died in 1971, established a testamentary trust for the lifetime benefit of his daughter and his sisters. Upon the termination of the trust, the assets, which were composed of the stock of Schmutz Foundry and the stock of Schmutz Manufacturing not previously transferred to Julianne, were to go to the "issue of the body" of Julianne, or failing such issue, to Kosair Crippled Children's Hospital.

In a Jefferson District Court action commenced in 1981 regarding the trust of Julius Schmutz, the appellant, acting as guardian ad litem for Brian, filed exceptions to the final settlement of the trust estate. In its judgment issued February 2, 1985, the district court ruled that, for the purposes of Julius Schmutz's will, Brian was not an issue of Julianne's body and therefore was not a beneficiary of the testamentary trust. The district court judgment was appealed, but the appeal was dismissed for lack of prosecution in May 1985. The appellant attempted to litigate in other actions the extent of his or Brian's claim to the assets of the estates of Julius Schmutz and of Julianne Schmutz Vega. For the purposes of this opinion, it is unnecessary to discuss each of these litigations except for the action commenced in June 1984 challenging a codicil to Julianne's will. The codicil, among other things, revoked the provision in Julianne's will devising all of her estate to the appellant, and devised her residuary estate to Brian. The appellant filed the complaint in his individual capacity and as next friend of Brian. In an interlocutory order entered December 13, 1984, the circuit court ordered realignment of the parties so that the appellant, in his individual capacity, was the sole party-plaintiff, and disqualified the appellant from acting as next friend of Brian because of the conflict of interest between the appellant and his son. The circuit court action was dismissed in April 1985 as a discovery sanction for the appellant's repeated failure to appear for a deposition.

■ In their motions to dismiss the complaint in this litigation, the appellees argued that the appellant's complaint was barred by res judicata. Successful application of the doctrine of res judicata requires a final adjudication on the merits by a court of competent jurisdiction and identity of parties and subject matter. *BTC Leasing, Inc. v. Martin*, Ky.App., 685 S.W.2d 191, 197 (1984). While identity of parties and subject matter exists between this litigation and the litigation culminating in the February 1985 district court judgment, the requirement of a court of competent jurisdiction is missing. KRS 24A.120(2) grants the district court exclusive jurisdiction in "[m]atters involving probate, except matters contested in an adversary proceeding." KRS 24A.120(3) provides that "[m]atters not provided for by statute to be commenced in circuit court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the district court." KRS 394.240(1) provides that a party may seek construction of a will in the circuit court by a separate action if the validity of the will is not in question, or by an original action in the circuit court contesting a district court's action in admitting or rejecting a will to probate. *See also* KRS 418.040 and 418.045.

■ *Mullins v. First American Bank*, Ky.App., 781 S.W.2d 527 (1989), does not support the appellees' position that the district court had jurisdiction to determine whether Brian was a beneficiary of Julius Schmutz's will. *Mullins* involved an action to admit to probate a codicil, and addressed the procedure to be followed when the admission of a will or codicil is contested. The district court in *Mullins*, instead of admitting or rejecting the codicil, transferred the case to the circuit court. The court in *Mullins* held that the district court retained jurisdiction to admit or reject the codicil to probate, and that an aggrieved party could thereafter file suit in circuit court to contest the district court's action. 781 S.W.2d at 529. The court further held

that the district court retained jurisdiction to entertain matters not related to the adversarial action. *Id. Fischer v. Jeffries*, Ky.App., 697 S.W.2d 159 (1985), addresses the issue of the preclusive effect of a district court adjudication in a contested matter. The district court lacks jurisdiction to decide a contested matter, or matters provided by statute to be commenced in circuit court. *Fischer*, 697 S.W.2d at 160; KRS 24A.120(2) and (3). The district court, in deciding whether to admit or reject a will or codicil, does not construe or interpret the instrument offered for probate, nor does it determine the validity of devises or bequests. *Sonner v. Nall*, Ky., 413 S.W.2d 334, 336 (1967); *see also* 1 J. Merritt, *Kentucky Practice: Probate Practice and Procedure* § 761 (1984).

■ The question of whether Brian Vega was a beneficiary under the will of Julius Schmutz involved the construction or interpretation of the will. KRS 394.240(1) directs that an action for the construction or interpretation of a will be filed in the circuit court. The district court was therefore without jurisdiction to construe or interpret the will, and its ruling is not conclusive of the issue of whether Brian was a beneficiary.

■ Nevertheless, the circuit court reached the correct result when it dismissed the appellant's complaint. This court will affirm the judgment if it reached the correct result, even though erroneous reasoning was used. *Clark v. Young*, Ky. App., 692 S.W.2d 285, 289 (1985). The appellant's claim was based on his assertion that Brian Vega was the issue of the body of Julianne Schmutz Vega. Adopted children are presumed to be within the class designated in a will as "children," "heirs," or "heirs at law," unless a contrary intent is shown. *Breckinridge v. Skillman's Trustee*, Ky., 330 S.W.2d 726 (1959). KRS 199.520(2) states that an adopted child "shall be deemed the child of the petition-ers and shall be considered for purposes of inheritance and succession and for all other legal considerations, the natural child of the parents adopting it the same as if born of their bodies." However, the principle that a person is permitted to pass on his property as he sees fit takes precedence over the policy expressed in KRS 199.-520(2). *Minary v. Citizens Fidelity Bank & Trust Co.*, Ky., 419 S.W.2d 340, 344 (1967). Use of the term "issue of the body" in a will shows an intent to exclude adopted children. *See Heller v. Chapman*, Ky., 452 S.W.2d 615, 616 (1970); *Moore v. McAlester*, 428 P.2d 266, 270 (Okla.1967). As a matter of law, for the purposes of Julius Schmutz's will, Brian was not the issue of the body of Julianne.

The appellant is mistaken in his argument that preclusive effect should be given to a statement in an interlocutory order in the action filed by him in 1984 challenging a codicil of Julianne Schmutz Vega. The will of Julius Schmutz was not directly in issue in that circuit court action, and therefore the statement that Brian was the infant son of Julianne had no effect on whether Brian was the "issue of the body" of Julianne for the purposes of Julius Schmutz's will. Additionally, this issue was specifically abandoned by the appellant in this litigation in a circuit court memorandum.

The circuit court properly dismissed the appellant's complaint. *See Security Trust Co. v. Dabney*, Ky., 372 S.W.2d 401, 407 (1963). The circuit court judgment is affirmed.

All concur.