William D. RICHARDSON, Administrator of the Estate of Katherine Hope, Deceased, Appellant,

v.

James C. DODSON, M.D., and Logan Memorial Hospital, Inc., Appellees.

No. 91-SC-707-DG.

Supreme Court of Kentucky.

June 25, 1992.

Larry W. Cook, Russellville, for appellant.

John David Cole, Matthew J. Baker, Cole, Moore & McCracken, Murry A.

Raines, Janet Jobe Crocker, English, Lucas, Priest & Owsley, Bowling Green, for appellees.

LAMBERT, Justice.

■ The issue presented here is whether the timely filing of a complaint by the decedent's son in his individual capacity is sufficient under CR 15.03 to permit the subsequent amendment of the complaint naming the personal representative as plaintiff to relate back.

Appellant, *pro se*, timely filed a complaint sounding in tort against appellees for the wrongful death of his mother. In paragraph one, he alleged that he "is the natural son of Katherine Hope." Thereafter, appellant was appointed administrator of the decedent's estate and prior to the filing of any motion or responsive pleading, filed an amended complaint. In the first paragraph of the amended complaint, he properly alleged his status as administrator of the decedent's estate, but by this time, the applicable statute of limitations had run.

Appellees moved to dismiss on grounds that the claim was time-barred and their motion was sustained by the trial court. As grounds for its order, the court held that by virtue of KRS 411.130(1), a statute which requires prosecution of wrongful death cases by the decedent's personal representative, and by virtue of KRS 413.-140(1)(e), a statute which allows a period of one year for the bringing of such actions, the amended complaint was not timely and did not relate back to the original complaint. A divided panel of the Court of Appeals affirmed the trial court and held that an action brought by one who has no right to bring it is a nullity and substitution of the proper party is of no avail if the period of limitation has run. We granted discretionary review and now reverse the courts below.

CR 15.03(1) provides that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence *set forth or attempted to be set forth in the original pleading*, the amendment re-lates back to the date of the original pleading." (Emphasis added.)

In *Modern Bakery, Inc. v. Brashear*, Ky., 405 S.W.2d 742 (1966), we interpreted the relation back amendment rule and developed a test for its application as follows:

"As long as the real party in interest, by amended complaint, is substituted as a plaintiff after the statute of limitations has run on the original cause of action, the amendment of the complaint to substitute that party relates back, and the action by the new plaintiff is not barred."

By application of this test to the facts presented here, there can be little doubt of the result. Appellant attempted, despite his lack of capacity at that time, to assert a claim for wrongful death against appellees.

Appellees have sought to distinguish *Modern Bakery* on grounds that the appointment of the personal representative was alleged to have been made prior to the expiration of the statutory period, and suggested that a different result would obtain where there was an imperfect attempt to secure the appointment within the statutory period as opposed to no attempt at all. We note from the facts stated in *Modern Bakery*, however, that an authoritative affidavit denied the existence of any written application for administration of the decedent's estate within the statutory period. Moreover, the Court broadly stated that:

"even if to this date [appellant] has not secured a valid appointment as administrator of his son's estate, and if the judgment were set aside for that reason, he could still remedy the omission and proceed with further amendment notwithstanding the statute of limitations."

Thus, we discern no significance in the abortive attempt, if there was one, to obtain an appointment prior to the expiration of the statutory period. The event which tolled the statute was the filing of the complaint.

Our view as to the application of CR 15.03 to the facts presented here is strengthened by recognition that appellant was a person entitled to be appointed administrator of the decedent's estate and, indeed, was so appointed. See KRS 395.-040. We need not determine whether one

outside the eligible class of appointees could toll the running of the statute by filing such a complaint.

■ It is widely recognized that the purpose of statutes of limitations is served when notice of litigation is given within the period allowed. *Nolph v. Scott,* Ky., 725 S.W.2d 860 (1987). In W. Bertelsman & K. Philips, *Kentucky Practice,* CR 15.03, comment 6 (4th ed. 1984), the view is expressed that if an opposing party

> "is reasonably informed of the general wrong complained of and the background out of which the claim arose, then he may begin preparation of his defense when the original claim is asserted against him. Under such circumstances the statute of limitations should not constitute a bar."

Among the types of amendments which are not prejudicial are those which plead compliance with statutory requirements and those which more correctly designate the capacity in which a party is suing. W. Bertelsman & K. Philips, *Kentucky Practice,* CR 15.03, comment 6 (4th ed. 1984).

For the foregoing reasons, we reverse the Court of Appeals and remand to the trial court for reinstatement of appellant's claim.

All concur except REYNOLDS, J., not sitting.