William F. MIZE, Sr. and William F. Mize, Jr. Appellants,

v.

James E. HUGHES; Luther Hughes; Margaret Ann Sumner; Edna Reed Lindholm; Peggy Hughes Douglas; Jane Hughes Bryan; Denzil Bridges; Linda Joyce Hughes; Oak Grove Baptist Church and Scott Bridges, Appellees.

No. 1998–CA–002488–MR

Court of Appeals of Kentucky.

Dec. 23, 1998.

Daniel C. Hicks, Hopkinsville, for Appellants.

C.A. Woodall, III, Cadiz, for Appellees.

Before COMBS, DYCHE, and GUIDUGLI, Judges.

### OPINION AND ORDER DENYING MOTION TO DISMISS APPEAL

DYCHE, Judge.

The controversy involving the parties to this appeal began in the Trigg District Court as an action to probate a photostatic copy of a signed Last Will and Testament of Thomas Edward Mize. The trial court admitted the will to probate. The appellants then filed a complaint pursuant to KRS 394.240 in the Trigg Circuit Court praying for an adjudication that the will had been revoked and should not be probated as the Last Will and Testament of Thomas Edward Mize. The Trigg Circuit Court entered a final judgment, following trial by jury, which ordered that "the Order of the Trigg District Court dated May 2, 1997, admitting the copy of the Last Will & Testament of Thomas Edward Mize dated May 15, 1995 to probate be upheld." The appellants filed the instant appeal from that judgment. Appellees, Denzil Bridges and Scott Bridges, have moved for a dismissal of the appeals.

The appellees contend that the appellants do not have the right to an appeal to this Court and should have proceeded by a motion for discretionary review. The argument is that the original action filed in the Trigg Circuit Court was prosecuted as an appeal and, therefore, that the appeal in this Court is a second appeal to which the appellants are not entitled as a matter of right. The appellees rely on KRS 22A.020(1) and (5) and on *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 630 (1970) which states:

The exclusive mode of securing a de novo trial in the circuit court in a will contest action is by appeal from the judgment of the county court that either admits the document to record or rejects it.

In response, the appellants contend that this appeal is their first appeal, and thus an appeal of right guaranteed by Section 115 of the Kentucky Constitution, because the proceeding before the circuit court, although denominated an "appeal" in KRS 394.240(1), provides for a trial de novo.

This Court agrees with the appellants' argument and holds that review of a judgment entered by a circuit court in a will contest action brought pursuant to KRS 394.240 must be sought by filing a notice of appeal, not a motion for discretionary review.

Section 115 of the Kentucky Constitution provides in pertinent part:

In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court.... *Appeals shall be upon the record and not by trial de novo.*
(Emphasis added)

KRS 394.240(1) provides in part:

Any person aggrieved by the action of the district court in admitting a will to record or rejecting it may bring an original action in the circuit court of the

same county to contest the action of the district court. Such action shall be brought within two (2) years after the decision of the district court. . . .

In an action pursuant to that statute, the jurisdiction of a circuit court is invoked by the filing of a complaint and the issuance of a summons in accordance with CR 3. *See e.g., Justice v. Conn,* Ky. App., 724 S.W.2d 227, 228 (1987). This is the action which the appellants took in the Trigg Circuit Court. The circuit court then caused a jury to be impaneled, to hear evidence, to receive instructions, and to return a verdict. It is clear that the action before the circuit court was conducted "by trial de novo" and, since the Kentucky Constitution prohibits appeals by trial de novo, this Court concludes that the Trigg Circuit Court sat as a court of original jurisdiction, not as an appellate court. This opinion is further supported by referring to KRS 24A.120(2) which provides that a district court has exclusive jurisdiction in matters involving probate, "except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in circuit court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal; . . ."

In fact, even *Duncan v. O'Nan,* supra, was an appeal to the former Court of Appeals from a circuit court judgment based on a jury verdict in an action brought pursuant to KRS Chapter 394. See also, *Fischer v. Jeffries,* Ky.App., 697 S.W.2d 159 (1985); *Smith v. Riherd,* Ky. App., 603 S.W.2d 494 (1980).

Therefore, it is ORDERED that appellees' motion to dismiss appeal be DENIED.

All concur.