RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1351-MR

MARK WALLER WILLIAMS, AS CO-
ADMINISTRATOR OF THE ESTATE OF
NEO THOMAS SANDERS                                                              APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 20-CI-00432

SAYRE SCHOOL; ADRIAN PUCKETT;
AND HEATHER MARIE SANDERS                                              APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: This is an appeal from Fayette Circuit Court dismissing a

wrongful death action for the death of a 15-year-old. For reasons that will be set

forth herein, we reverse the judgment of the Fayette Circuit Court and remand with

directions.

## I. FACTUAL BACKGROUND

This case arises out of a tragic single-car accident that resulted in the death of two young men, brothers Neo Thomas Sanders (Neo) and Roan Sanders (Roan). The young men were passengers in a vehicle driven by Bobby Puckett. Bobby Puckett was found to have been under the influence, and he is facing criminal charges relative to his driving that night. However, prior to the three men getting into the vehicle, they were at the home of the mother of Neo and Roan, Heather Marie Sanders (Heather). Heather has admitted in pleadings that Neo, Roan, and Bobby Puckett drank alcoholic beverages and smoked marijuana at her house before the fatal crash.

Earlier that day, however, Neo had been on a field trip with his school, Sayre School. He was only 15 years of age, but he had been permitted to travel with Sayre School to Cuba. The group had returned to the airport with Neo carrying Cuban rum in his suitcase.

Neo's rum possession was apparently known to the Sayre School employee/chaperone, Linda Beck (Beck), who had previously advised Neo and other students by email that they were permitted to bring alcohol and tobacco products back into the United States for personal use. A message produced in written discovery revealed that Neo advised Beck and several others that he had

been detained briefly at customs in Miami because he had rum in his suitcase. Despite this, Neo was permitted to return to Lexington and to be picked up by his 17-year-old brother, Roan, with rum in his suitcase. It doesn't appear that Sayre School or its employees notified Neo's custodian, his grandfather, Ronald Sanders (Ronald), of any of these facts. The night of Neo's return from Cuba, the fatal crash occurred.

## II. PROCEDURAL BACKGROUND

In April 2019, Neo's father, Mark Waller Williams (Williams) was appointed by Fayette District Court as sole administrator of Neo's estate. Then, in May 2019, Neo's mother, Heather, was appointed co-administrator. In February 2020, Williams, individually and as co-administrator, filed a complaint against Sayre School, Adrian Puckett (Bobby Puckett's father and the registered owner of the vehicle in the related crash), and the now-settled defendants Heather and Ronald for negligence/gross negligence, negligence per se, wrongful death, and loss of consortium. Williams did not name Heather, as co-administrator of Neo's estate, as a co-plaintiff in the complaint. Subsequently, Heather, Sayre School, and Ronald moved to dismiss. In oral arguments, all defendants made essentially the same argument: failure to join Heather as a co-plaintiff in her capacity as co-administrator was fatal to the complaint.

Williams then moved to have Heather dismissed as a co-administrator in district court and asked the circuit court to delay moving forward until the district court could make such a determination. Before the district court could rule on the motion to remove Heather, the relevant parties settled and the matter, as pertaining to district court, became moot. And yet, the matter was far from moot to the circuit court proceedings.

The circuit court order from July 18, 2020, unifies the three motions to dismiss by stating, "The Motion to Dismiss all the named Defendants, is GRANTED over the objection of the Plaintiff as to all claims brought by Plaintiff as Co-Administrator of the Estate of Neo Thomas Sanders. All claims asserted by Plaintiff in their action as Co-Administrator of the Estate of Neo Thomas Sanders are hereby DISMISSED without prejudice." Thereafter, the Court entered two additional orders, denying a motion for leave to amend the complaint by Williams, and denying a motion to alter or amend, and making those rulings final and appealable pursuant to Kentucky Rule of Civil Procedure (CR) 54.02.

Williams now appeals the circuit court's orders (1) granting the (combined) motion to dismiss, (2) denying his motion to alter, amend, or vacate the order granting the motion to dismiss, and (3) denying his motion for leave to file the first amended complaint.

-4-

### III.    MOTION TO STRIKE

Appellee, Sayre School, filed a motion to strike the reply brief and appendix pursuant to CR 76.12(8)(a).[1]  On appeal, our review is confined to matters properly made a part of the record.  *Fortney v. Elliott's Administrator*, 273 S.W.2d 51, 52 (Ky. 1954); *see also Rohleder v. French*, 675 S.W.2d 8, 10 (Ky. App. 1984).  Some elements of Appellant Williams' reply brief and appendix contain documents that are not part of the record and, therefore, not properly before this Court.  We have not considered any of these improper, extraneous materials in reaching our decision on the merits.  We deny the motion to strike in a separate order.

### IV.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is governed by CR 12.02(f) and presents a question of law subject to *de novo* review.  *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018).  The pleadings must be liberally construed in a light most favorable to the non-moving party, and the allegations contained in the complaint are taken as true.  *Id*. at 870-71 (internal quotation marks and citations omitted).

---

[1] CR 76.12(8)(a) provides that a brief may be stricken for failure to comply with any substantial requirement of this rule.

However, the record in this case indicates that the Judge conducted oral arguments on these issues and motions; and, the discussions therein were considered in the trial court's dismissal. Given the court considered matters outside the pleadings, we must treat the motion to dismiss under CR 12.02[2] as one for summary judgment under CR 56.03.[3]

Accordingly, the standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03). If there are no factual issues, a summary judgment looks only to questions of law, and a trial court's grant of summary judgment is reviewed *de novo. Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016) (citations omitted). Herein, only legal issues are presented in this matter, therefore, our standard of review is *de novo.*

---

[2] CR 12.02 states, in relevant part, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (f) failure to state a claim upon which relief can be granted . . . . If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for **summary judgment**[.]" (Emphasis added.)

[3] CR 56.03 states, in relevant part, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

# V. ANALYSIS

Throughout numerous oral arguments, and the above-referenced motions and orders, the same issue remained constant and foremost. The appellees argued that failure to name a co-administrator as a co-plaintiff (albeit named as a co-defendant) was fatal to the complaint in a wrongful death suit, even though it was alleged that the co-administrator also played a role in the negligence that caused the death in question; *i.e.*, in a wrongful death action, does one co-administrator need the consent of an allegedly negligent co-administrator? The circuit court dismissed the wrongful death action, concluding that the failure to have both co-administrators named as plaintiffs was fatal to the action proceeding.

Both parties assert there is no Kentucky precedent that specifically addresses whether a single co-administrator can initiate a lawsuit without including the other co-administrator, a negligent actor, as a party plaintiff. Both parties refer this Court to *Addison v. Jurgelsky*, 281 Va. 205, 211, 704 S.E.2d 402 (2011). There, the Supreme Court of Virginia held that the language of a Virginia statute required all co-administrators in Virginia to join as plaintiffs. The trial court had dismissed the case concluding that the statute of limitations had expired, as the joinder of the co-administrator had occurred after the statute had run. Reversing, the Supreme Court of Virginia actually permitted the filing of an amended complaint, despite the deficiency in the initial filing. The Court held that "[t]he

mere addition of a co-administrator (or co-executor) of an estate as a necessary party plaintiff who willingly submits to the court's jurisdiction does not offend the public policy underlying the statutes of limitation and does not prejudice any defendant in an action bringing claims only of the estate[.]" *Id.* at 406. Our review of *Addison* appears to support Williams' arguments, but it is not necessary to turn to Virginia law to resolve this issue.

According to the Kentucky *general statute* governing transactions authorized for personal representatives, "except as restricted or otherwise provided by the will . . . *a* personal representative, acting reasonably for the benefit of the interested persons, may properly . . . [p]rosecute or defend claims, or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties." Kentucky Revised Statute (KRS) 395.195(19) (emphasis added). According to the Kentucky *specific statute* governing wrongful death actions, KRS 411.130, "[t]he action shall be prosecuted by *the* personal representative of the deceased." (Emphasis added.)

In oral arguments, the parties argued the difference between "a" and "the" in the relevant statutes. Williams argued that "*a* personal representative" means either co-administrator could take action (general statute); Sayre School argued that "*the* personal representative" means both co-administrators must work together to represent the estate (specific statute). The circuit court, in dismissing

the action, relied upon a strict interpretation of the *specific statute* believing "the" to mean the co-administrators are a team representing the estate as a single unit. The circuit court stated, "[y]ou filed [the lawsuit] without the approval and the agreement of the co-administrator. You can't do that."[4] With these unique facts, we must consider: (A) Williams' duty to the estate, (B) the lack of prejudice to the parties, and (C) considerations of jurisdiction.

### (A) Williams' Duty to the Estate

In Kentucky, a personal representative of a decedent's estate has a duty to act diligently in investigating any potential claims of the Estate. *Estate of Wittich By and Through Wittich v. Flick*, 519 S.W.3d 774 (Ky. 2017). Indeed, it has been held that where a personal representative refuses to bring an action, the beneficiaries may do so in their own names. *Louisville and N.R. Co v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942). The personal representative is only a "nominal" party, as the "real parties in interest are the beneficiaries whom [the personal representative] represents." *Pete v. Anderson*, 413 S.W.3d 291, 299 (Ky. 2013) (quoting *Vaughn's Adm'r v. Louisville & N.R. Co.*, 297 Ky. 309, 179 S.W.2d 441, 445 (1944)).

Personal representatives, or attorneys on their behalf, must file a complaint for wrongful death within one year of the appointment of the

---

[4] July 10, 2020 hearing at 10:48:00.

representative.  *See Southeastern Kentucky Baptist Hospital, Inc. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988).  Indeed, failure by Williams to have timely prosecuted the action by filing the complaint herein could have led to dismissal on the basis of the statute of limitations.  *Id.*  It was clear when he initiated the underlying suit that Heather would not be making a claim herself.  In fact, she originally did not consent to the action; and, after Williams filed the complaint, she opposed the filing by Williams, even though she likewise had a duty as a co-administrator to bring an action.

### (B) The Lack of Prejudice to the Parties

The Commonwealth recognizes that procedural failures can be addressed by liberal amendment.  *See* CR 15.01.[5]  In fact, within twenty days after a complaint is filed, a party may amend his pleading by leave of court or by written consent of the adverse party; and "leave shall be freely given *when justice so requires*."  *Id.* (emphasis added).

In *Richardson v. Dodson*, 832 S.W. 2d 888 (Ky. 1992), the Kentucky Supreme Court explained that a wrongful death action filed before a son was

---

[5] CR 15.01 states, "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

appointed administrator of his father's estate, in his individual capacity, could be amended to assert the status as administrator once that appointment occurred. In that instance, the statute of limitations had run by the time the amended complaint was filed, but the Supreme Court ruled that the claim was timely and related back pursuant to CR 15.03[6] to save the wrongful death claim.

CR 15.03(1) governs the relation back of amendments to the original pleadings: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." That rule has been interpreted to allow the amendment of a complaint to substitute the real party in interest as a plaintiff even after the statute of limitations has run, if the defendant's ability to prepare his case is not prejudiced by the delay. *See Richardson*, 832 S.W.2d at 890.

Herein, no such prejudice exists because all parties who could or should have been included in this action *were* included, and all were given clear notice of the nature of the claims asserted at the time of the original complaint.

---

[6] CR 15.03(2) provides, "An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

-11-

The co-administrator was not missing from the action, or lacking notice, but rather received appropriate notice, albeit as a co-defendant.

In *Underhill v. Stephenson*, 756 S.W.2d 459 (Ky. 1988), the Supreme Court held that the important consideration is whether the amendment relates to the general factual situation which is the basis of the original controversy. There is no dispute that Sayre School has known the nature of the allegations since the original complaint was filed, and the attempt to amend and cure the deficiency of the co-administrator did not present any new claims. Again, as the Court held in *Richardson*, amendment is not prejudicial when it is sought to plead compliance with statutory requirements and simply correctly designate the capacity in which a party is suing. *Richardson*, 832 S.W.2d at 890. Leave shall be freely given to amend when justice so requires. CR 15.01.

In *Modern Bakery, Inc. v. Brashear*, 405 S.W.2d 742 (Ky. 1966), a seven-year-old child was killed by a bread truck while attempting to cross a highway near his home in Perry County. His father, alleging himself to be the administrator of the child's estate, filed a suit seeking damages for wrongful death even though he had apparently not been appointed administrator prior to the filing of the suit. The Court allowed the case to proceed, stating, "even if to this date [Brashear] has not secured a valid appointment as administrator of his son's estate, and if the judgment were set aside for that reason, he could still remedy the

omission and proceed by further amendment notwithstanding the statute of limitations." *Id.* at 744. The Court in *Modern Bakery* held that an amendment to change the plaintiff's capacity was not a new cause of action and did not constitute a change to the parties before the Court. *Id.* Consistent with this precedent, we believe denial of Williams' motion for leave to file an amended complaint was not proper.

### (C) Considerations of Jurisdiction

Oral arguments in the proceedings below included discussion of whether Heather should be joined as a co-plaintiff or removed as a co-administrator. The parties could not agree if the amended complaint should be permitted, with or without Heather as a co-plaintiff. Further, the parties discussed whether Heather's negligent actions created a conflict with the wrongful death complaint itself. To add to the confusion, there is often little distinction between simple probate matters and adversarial probate matters. The circuit court lamented that "there's so little law out there" on these specific issues.[7]

Admittedly, "[t]he concept of 'adversary proceeding' is a 'puzzle' to courts as well as practitioners." *Mullins v. First American Bank*, 781 S.W.2d 527, 529 (Ky. App. 1989). Moreover, a review of applicable statutes and caselaw discloses no general definition of the term "adversary proceeding" as it relates to

---

[7] September 25, 2020 hearing at 11:05:52.

probate issues.  *See also Hale v. Moore*, 289 S.W.3d 567 (Ky. App. 2008) (reaching the same conclusion).

That said, Kentucky law does provide a measure of guidance. Pursuant to KRS 24A.120,[8] a district court retains jurisdiction of matters involving probate, including the addition or removal of administrators of an estate.  But, herein, the issue is greater than simply the removal of the co-administrator. Heather acted on *behalf* of the estate when signing agreements; she acted *against* the interest of the estate when refusing to sign the initial wrongful death complaint; and she then acquiesced to the action as part of a settlement agreement.  Heather also allegedly played a role in the negligence that contributed to the death in question.  Additionally, after representing the interests of the estate for months, she then actively fought against the estate's interest by filing a motion to dismiss the wrongful death complaint.  We find that these actions, taken as a whole, turn a simple probate matter into an adversarial probate matter.

---

[8] KRS 24A.120(2) states that district court shall have exclusive jurisdiction in "[m]atters involving probate, except matters contested in an adversary proceeding.  Such adversary proceeding shall be filed in Circuit Court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal[.]"

Circuit courts are courts of general jurisdiction.[9] Circuit courts have jurisdiction over an action for the settlement of estates[10] as well as adversarial probate matters. *See* KRS 24A.120. This is further explained in *Mullins*, 781 S.W.2d 527. which involved an action instituted in district court by an executor to admit a will and codicil to probate. The district court declared it lacked subject matter jurisdiction and transferred to circuit court. On appeal, this Court held that "the district court's jurisdiction over probate matters continues until such time as a suit is filed in circuit court." *Id*. at 529.

Also, in *Hale*, 289 S.W.3d 567, a separate panel of this Court discussed the interplay of jurisdiction under KRS 24A.120 and KRS 395.510. *Hale* involved a probate case in which the heirs to an estate disagreed with certain actions of the executrix of a will, particularly the actions of the executrix in distributing the assets of the estate and the method by which the executrix calculated her fees. *Id.* at 580.

The primary issue discussed by the Court was whether "the mere filing of a complaint that questions the distribution of an estate [constitutes] the

---

[9] *See* KRS 23A.010(1), stating, "The Circuit Court is a court of general jurisdiction; it has original jurisdiction of all justiciable causes not exclusively vested in some other court."

[10] KRS 395.510(1) states, "A representative, legatee, distributee or creditor of a deceased person may bring an action in circuit court for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative."

type of 'adversary proceeding' needed to transfer jurisdiction to circuit court." *Id.* at 579. The Court concluded that the beneficiaries' questioning of the action of the executrix in distributing the assets of the estate was "far more than an accounting matter," but rather "gave rise to precisely the type of 'adversary proceeding' contemplated in KRS 395.510(1)." *Id.* at 580. The Court noted that the beneficiaries "had no alternative but to commence this action in the circuit court since the district court was without statutory power to render the judgment sought." *Id.*

Upon consideration, we find a similar disposition is warranted. As discussed, the law of the Commonwealth grants subject matter jurisdiction to the circuit court when probate matters rise to an adversarial level. Upon consideration of the unique circumstances presented herein, we find this probate matter has risen to that level.

## V. CONCLUSION

In light of the foregoing, we REVERSE the Fayette Circuit Court's July 18, 2020 order and REMAND with directions. Upon REMAND, the Fayette Circuit Court shall: (1) allow the amended complaint to be filed, including Heather as a co-plaintiff; and (2) conduct a subsequent evidentiary hearing to determine if Heather has a conflict; and (3) if the circuit court finds that Heather

-16-

does in fact have a conflict, then the court shall remove Heather as co-administrator.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Gregory M. Funfsinn
Lexington, Kentucky

Gregory R. Kujawski
Lexington, Kentucky

BRIEF FOR APPELLEE SAYRE SCHOOL:

Daniel E. Murner
Elizabeth Winchell
Lexington, Kentucky