**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

FILED

January 20, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| ESTATE OF FRANK BAKER BY KENNETH BAKER, Administrator and Next of Kin, | ) C/A NO. 03A01-9805-CV-00160 ) ) SEVIER CIRCUIT ) |
| Plaintiff-Appellant, | ) HON. JOHN TURNBULL, ) JUDGE |
| v. | ) ) |
| JOEL LEE MAPLES, | ) VACATED ) AND |
| Defendant-Appellee. | ) REMANDED |

PERRY P. PAINE, JR., PAINE, GARRETT & BRAY, Maryville, for Plaintiff-Appellant.

STEVEN E. MARSHALL, MARSHALL & DELIUS, Sevierville, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

In this action for the wrongful death of Frank Baker, the Trial Judge granted the defendant Joel Lee Maples summary judgment, and plaintiff has appealed.

The circumstances giving rise to this action occurred on November 7, 1994, when Maples shot and killed Baker. Baker was married to Maples' sister Sandra, and Frank and Sandra lived near Maples.

Frank Baker's son filed this wrongful death action against Maples as

Administrator and Next of Kin of the Estate of Frank Baker, alleging that Maples carelessly and negligently killed Baker, and that he intentionally, wilfully, and maliciously shot and killed Baker. After the action was filed, Baker's surviving spouse, Sandra, requested she be allowed to withdraw as co-administrator of the Estate, which request was granted. Sandra then executed a release on August 30, 1995 for the sole consideration of ten dollars, relieving Maples of all liability for the death of Frank Baker. In her deposition, Sandra testified that there were no negotiations about the amount of consideration to be paid. She said that she told Maples' attorney that she would leave the amount up to his discretion, and when ten dollars was suggested, she agreed to it. It appears from the record that Maples' attorney had also petitioned the Court on behalf of Sandra to be relieved of her duties as co-administrator of Baker's Estate. This action was dismissed on the basis that Sandra had executed a release which was binding on all parties.

The issues on appeal are whether Sandra waived her right to pursue, control and negotiate the wrongful death action under Tennessee Code Annotated §20-5-106, and whether she executed a bona fide compromise and valid release for a consideration of ten dollars to her brother.

If there are no disputed issues of material fact, summary judgment is appropriate. *Byrd v Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *see also Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). To determine whether there is a genuine issue as to material facts, the Court must determine whether a reasonable jury could legitimately resolve those facts and favor one side or the other. If so, then summary judgment is inappropriate. *Byrd.* In determining whether summary judgment is appropriate, courts must view the evidence in a light most favorable to the non-moving party, and allow all reasonable inferences in that party's favor. *Id.* "Courts should grant summary judgment only when both the facts and the conclusions to be

2

drawn from the facts permit a reasonable person to reach only one conclusion". *Carvell,* 900 S.W.2d at 26.

It is beyond dispute that the cause of action for wrongful death passes to the deceased's surviving spouse. T.C.A. §20-5-106(a). The statute further provides that the "surviving spouse may effect a bona fide compromise in such a suit or right of action and may execute a valid release which shall be binding upon all children of the deceased or next of kin of the deceased." T.C.A. §20-5-110(b) (1994). A surviving spouse maintains control over the right of action until he or she waives that right. *Spitzer v. Knoxville Iron Co.,* 133 Tenn. 217, 180, S.W.2d 163, 164 (1915); *Foster v. Jeffers,* 813 S.W.2d 449, 451 (Tenn. App. 1991). The result remains the same, even if the spouse waives his or her right to administer the Estate. *Spitzer.* A spouse may maintain control over an action by effecting a compromise. *Foster*, 813 S.W.2d at 453. Sandra did not waive her rights under the statute.

The issue thus becomes whether there is disputed material evidence on whether Sandra's release was "bona fide".

The record establishes that two days before Baker's death, he and Maples had a disagreement about a road that Baker was building and harsh words were exchanged. Maples, in his deposition, testified he went to the Sportsmans Club to target practice, and took two pistols, two rifles and a shotgun. On his way home he stopped at a friend's house, and the two of them went to the store to get some beer. They returned to Maples' home and around 8:00 p.m., Maples took his friend home. He then visited his brother and had drunk three or four beers at the time.

Maples left his brother's house after 11 p.m. to go home. About halfway home he stopped and removed his .357 Magnum and two speed loaders from the tool box in the back of his truck and placed them on the seat. He stated that he had hit a bump near the pond by his brother's house and remembered that the gun was in

3

the tool box, so he removed it so it would not get scratched. This took place about five hundred yards from Maples' home. Maples continued toward home and observed headlights coming up the new road. The vehicle stopped at the intersection blocking Maples' path and Maples stopped and turned off his engine. The vehicles were about ten or twelve feet apart. He stated that Baker got out of the other vehicle with a rifle in hand and that he chambered the rifle as he came toward Maples. In response, Maples loaded his pistol and Baker came around to the driver's side of the truck and opened the door. As Baker opened the door, Maples rolled out of the truck while firing the pistol at Baker. Baker fell face down and died.

The autopsy report on Baker states the cause of death as homicide, and noted six gunshot wounds to Baker's body. The wounds went from the left side of the body to the right in a downward trajectory. In response to defendant's testimony, plaintiff offered the testimony of a consultant in forensic sciences, which testimony was supplemented, after reviewing Maples' testimony. The consultant opined that comparing the physical evidence with Maples' description of the events, it was his opinion that Maples' statement that he was in or exiting his vehicle when he shot Baker was untrue due to the nature of the gunshot wounds.

Although Sandra had withdrawn from the administration, she was acting as a fiduciary on behalf of all the plaintiffs' interests when she executed the release. We believe there is sufficient evidence from the surrounding circumstances and from the inferences to be drawn in favor of the plaintiff to vacate the summary judgment and remand for a determination of whether Sandra effected "a bona fide compromise". The extent of her investigation into the facts is disputed. She released her blood brother and there is material evidence that disputes her brother's version of the circumstances surrounding the death of Baker.

Accordingly, we vacate the summary judgment and remand for further

4

proceedings consistent with this opinion, with costs assessed to appellee.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.